Theresa Mains, P.A.
2251 N. Rampart Boulevard, Suite 102
Las Vegas, Nevada 89128
Phone: (954) 520-1775
theresa@theresamainspa.com

Avi R. Kaufman (Fl Bar No. 84382)
(*pro hac vice* pending; will comply with LR IA 10-2 within 20 days)
Kaufman P.A.
kaufman@kaufmanpa.com
400 NW 26th Street
Miami, FL 33127
Phone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*
(additional counsel appear on signature block)

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| EILEEN WALDRON, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| v. | **JURY DEMAND** |
| CREDIT ONE BANK, N.A., a national bank, | |
| *Defendant*. | |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Eileen Waldron brings this Class Action Complaint and Jury Demand ("Complaint") against Defendant Credit One Bank, N.A. ("Credit One") to seek redress for its making of unsolicited phone calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Credit One, a consumer credit card bank, manages credit card accounts for "millions of people" with a special focus on those "who have been historically overlooked by other banks because of their less than perfect credit."[1]

2. To manage this customer base, Credit One uses computers to repeatedly machine-dial account holders at whatever telephone numbers it has on file, often to "remind" or otherwise persuade them to pay their bills.

3. Unfortunately, Credit One routinely calls wrong and reassigned telephone numbers belonging to non-customers. Moreover, when an actual customer's number stops working, Credit One will find a new one on its own, often through unreliable methods like "skip tracing" or "number trapping." Many such numbers end up being cellphone numbers.

4. Credit One inherently lacks express consent to call cellphone numbers that are wrong, reassigned, or independently discovered without customer input. By autodialing such numbers, without consent, Credit One routinely violates the TCPA.

5. The TCPA strictly forbids calls like those alleged in this Complaint—intrusive, automated calls to private cellphone numbers, placed without consent, and often without meaningful regard to whether such calls are actually directed to the intended recipients.

6. Credit One's TCPA violations caused Plaintiff and the Classes of consumers actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited telephone calls, as well as the monies paid to receive such calls.

7. Plaintiff seeks an injunction to stop Credit One from placing unlawful calls, as well as an award of statutory damages under the TCPA.

---

[1] Credit One Bank, *Frequently Asked Questions*, available at https://www.creditone bank.com/faqs.aspx (last accessed November 25, 2015).

CLASS ACTION COMPLAINT
-2-

## PARTIES

8. Plaintiff Eileen Waldron is a resident of Delaware.

9. Defendant Credit One is a chartered national bank with its headquarters at 585 Pilot Road, Las Vegas, Nevada 89119.

## JURISDICTION AND VENUE

10. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

11. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides and is headquartered in this District, does significant business in this District, and because the wrongful conduct giving rise to this case arose in and/or was directed from this District.

## COMMON FACTUAL ALLEGATIONS

**Credit One Repeatedly Calls Consumers' Cellular Phone Numbers Without Consent**

12. Credit One, a large national bank, services millions of credit card accounts for consumers throughout the United States. It regularly calls these consumers, mostly at numbers they willfully provided.

13. But Credit One also independently discovers new telephone numbers that it associates—often incorrectly—with its consumer accounts. It lacks prior express consent to call such numbers.

14. Worse, Credit One and/or its authorized agents call these numbers using equipment with the capacity to store and/or produce numbers to be called using a random or

sequential number generator, and to dial such numbers, *en masse*, without any need for human intervention.

15.  Not surprisingly, consumers regularly complain of Credit One's unsolicited calls:[2]



**Figure 1** (wrong-number complaint, noting 28 calls in 8 days from 5 different numbers.)



**Figure 2** (wrong-number complaint, noting 10-12 calls per day from different numbers.)



---

[2] Figures are from 800notes.com, representing a small sample of the tens of thousands of Credit One consumer complaints. Indeed, Credit One appears to use over 500 different telephone numbers, with each typically receiving multiple pages of unique complaints.

**Figure 3** (wrong-number complaint, noting hourly calls from different numbers.)



**Figure 4** (wrong-number complaint, noting 15 calls over 2 hours.)



**Figure 5** (computer dialer complaint, noting continuous calls and number changing.)



**Figure 6** (wrong-number complaint, noting continuous calling to 13-year-old.)



CLASS ACTION COMPLAINT
-5-

**Figure 7** (reassigned-number complaint.)

16. The TCPA is intended to give consumers control over how and where they receive calls. When Credit One and/or its authorized agents incessantly autodial incorrect or independently discovered numbers, without consent, they take this control away from consumers and violate the TCPA.

## FACTS SPECIFIC TO PLAINTIFF WALDRON

**Credit One Repeatedly Called Plaintiff's Cell Phone Number Without Plaintiff's Consent and Despite Her Repeated Requests for the Calls to Stop**

17. Plaintiff has never been a customer of Credit One and has never provided it with her cellphone number or consent to call.

18. In September of 2014, Plaintiff Waldron acquired a new cellular telephone number and telephone from TracFone.

19. Unfortunately, starting in December of 2014, Credit One and/or its agents began calling Plaintiff's private TracFone number approximately every half-hour, starting from the early morning and continuing until as late as 10:00 PM.

20. Plaintiff estimates that Credit One and/or its agents called her cellphone about two hundred times from at least five different telephone numbers over a two-month span, including the numbers (678) 528-2857, (678) 528-2855, (470) 225-2557, (973) 796-2481, and (732) 867-2870.

21. Plaintiff answered many of these calls. Most had a noticeable delay of a few seconds before connecting to a live operator, a telltale sign of Defendant using an autodialer.

22. The callers always identified themselves as "Credit One." They would ask Plaintiff about her "late loans," and she would explain that she is not a Credit One customer and has no loans with them. She would then ask them to stop calling.

23. Plaintiff estimates that she told Credit One and/or its agents to stop calling approximately 60 times, averaging once per day. These requests had no effect.

24. Plaintiff further called the contact number listed on Credit One's website—twice—to request that the calls stop. During one of these calls, she reached Credit One's Vice President, explained to him what was happening, and requested that he stop the calls. Unfortunately, her requests again had no effect.

25. After two months of futility, Plaintiff ultimately changed her telephone number to avoid further calls and expense.

26. Subsequently, Plaintiff turned to the Better Business Bureau of Southern Nevada to seek "[a]n explanation of why they were calling [her] hundreds of times and [a] refund of minutes they used up on [her] phone." *See* Complaint Activity Report, attached as Exhibit 1.

27. Credit One ultimately explained that "the reason [Plaintiff's] number was called" was because Credit One's "records reflect[ed] that the telephone number was provided to Credit One as a contact phone number for one of our Cardholders." *Id*. It further noted that Plaintiff's telephone number "has been removed from [its] records; therefore, [she] should receive no further telephone calls from Credit One." *Id*. Nonetheless, it stated that Plaintiff's "request for reimbursement of telephone minutes is respectfully denied." *Id*.

28. Credit One and/or its authorized agents initiated calls to Plaintiff's cellular telephone number without her prior express consent and despite her requests to stop, all while using an automatic telephone dialing system.

29. Credit One knew that it and/or its agents used an automatic telephone dialing system to initiate calls, without consent, to a cellular telephone number that Plaintiff never provided, and thus knowingly and repeatedly violated the TCPA.

30. The unauthorized telephone calls and text message made by Defendant have harmed Plaintiff in the form of lost money, lost minutes, annoyance, nuisance, and invasion of privacy, and disturbed her use and enjoyment of her phone and phone number, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

31. Seeking redress for these injuries, Plaintiff, on behalf of herself and the Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones and to consumers who have requested that the calls stop.

## CLASS ALLEGATIONS

32. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and the Classes of similarly situated individuals, defined as follows:

> **Autodialed No Consent Class**: All persons in the United States who, from four years prior to the filing of this action to the present: (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an automated telephone dialing system, (4) without that person's prior express consent.
>
> **Autodialed Stop Class**: All persons in the United States who, from four years prior to the filing of this action to the present: (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an automated telephone dialing system, (4) after the person informed Defendant that s/he no longer wished to receive phone calls from Defendant.

The following are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling

CLASS ACTION COMPLAINT
-8-

interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons

33. **Numerosity**: The exact number of Class members is unknown at this time, but it is clear that individual joinder is impracticable. Defendant has called thousands of consumers who fall into the definition of the Classes. Class members can be identified through Defendant's records.

34. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited calls.

35. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    a) whether Defendant's conduct constitutes a violation of the TCPA;

    b) whether Defendant systematically made telephone calls to members of the Classes without first obtaining prior express consent to make the calls;

c) whether Defendant utilized an automatic telephone dialing system to make calls to members of the Classes; and

d) whether Defendant made autodialed telephone calls to members of the Classes after being told to stop calling.

37. **Policies Generally Applicable to the Class:** This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect each of the Class members uniformly. Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

38. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be

fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
**(Violations of 47 U.S.C. § 227 *et seq.*)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

39. Plaintiff incorporates paragraphs 1 through 38 as if fully set forth herein.

40. Defendant made autodialed solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and other members of the Autodialed No Consent Class without first obtaining prior express consent to make such calls.

41. Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, en masse, without human intervention.

42. By making the unwanted solicitation telephone calls to Plaintiff and the Autodialed No Consent Class members' cellular telephones without their prior express consent, and by utilizing an autodialer to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

43. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Autodialed No Consent Class are each entitled a minimum of Five Hundred Dollars ($500.00) in damages for each such violation of the TCPA, and up to One Thousand Five Hundred Dollars ($1,500) if Credit One's violations were willful and knowing.

## SECOND CAUSE OF ACTION
### Telephone Consumer Protection Act
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed Stop Class)**

44. Plaintiff incorporates paragraphs 1 through 38 as if fully set forth herein.

45. Defendant placed unsolicited and unwanted calls to telephone numbers belonging

to Plaintiff and the other members of the Autodialed Stop Class on their cellular telephones after they had informed Defendant to stop contacting them.

46. Defendant placed the calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, en masse.

47. By placing unsolicited phone calls to Plaintiff and other members of the Autodialed Stop Class's cellular telephones using an automated telephone dialing system after they requested to no longer receive such calls, Defendant violated 47 U.S.C. § 227(b)(1)(B) by, in effect, making those calls when it knew it did not have prior express consent.

48. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Autodialed Stop Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under Section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in damages for each such violation of the TCPA.

49. Should the Court determine that Defendant's conduct was willful and knowing the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed Stop Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Eileen Waldron, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes, and appointing her counsel as Class Counsel;

b) An order declaring that Defendant's actions, as set out above, violate the TCPA;

c) An award of statutory damages;

d) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

e) An injunction requiring Defendant to cease all unsolicited autodialed calling activities, and otherwise protecting the interests of the Classes; and

f) Such other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial on all claims.

Respectfully submitted,

**EILEEN WALDRON** individually and on behalf of all others similarly situated,

Dated: July 15, 2018          By: ___/s/ Theresa Main_____
Theresa Main
Theresa Mains, P.A.
2251 N. Rampart Boulevard, Suite 102
Las Vegas, Nevada 89128
Phone: (954) 520-1775
theresa@theresamainspa.com

Avi R. Kaufman* (Fl Bar No. 84382)
Kaufman P.A.
kaufman@kaufmanpa.com
400 NW 26th Street
Miami, FL 33127
Phone: (305) 469-5881
*Attorneys for Plaintiff and the putative Classes*

Stefan Coleman* (Fl Bar No. 30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, Fl 33131
Tel: 877.333.9427
Fax: 888.498.8946

CLASS ACTION COMPLAINT
-13-

*Motion for admission *pro hac vice* forthcoming

CLASS ACTION COMPLAINT
-14-